UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| VIRGILIO AGUILAR MENDEZ,<br><br>    Plaintiff,<br><br>   v.<br><br>ST. JOHNS COUNTY, a political subdivision of the State of Florida, MICHAEL KUNOVICH, through his personal representative of his estate, in his official and individual capacity as a St. Johns County police officer, and ROBERT A. HARDWICK, in his official capacity as Sheriff of St. Johns County and his individual capacity as a St. Johns County police officer, GAVIN HIGGINS, in his individual capacity as a St. Johns County police officer, and GEORGE MONTGOMERY, in his individual capacity as a St. Johns County police officer,<br><br>    Defendants. | CIVIL ACTION<br>NO. 3:24-00195-WGY-PDB |

YOUNG, D.J.[1]                                    May 14, 2025

**ORDER**

Virgilio Aguilar Mendez ("Aguilar Mendez") brought this suit against St. Johns County, Michael Kunovich ("Kunovich") through the representative of his estate and in his official and individual capacity as a St. Johns County police officer, Robert

_____

[1] Of the District of Massachusetts, sitting by designation.

A. Hardwick ("Hardwick") in his official capacity as Sheriff of

St. Johns County and his individual capacity, and Gavin Higgins

("Higgins") and George Montgomery ("Montgomery") in their

individual capacities as St. Johns County police officers

(collectively, "the Defendants").  See Second Am. Compl.

("SAC"), ECF No. 44.  Aguilar Mendez alleges that Kunovich

unconstitutionally searched and seized him in violation of the

Fourth Amendment; that Higgins and Montgomery, together with

Kunovich, falsely arrested and battered him under Florida law;

that St. Johns County and Hardwick in his official capacity

violated the Equal Protection Clause, established

unconstitutional policies or customs that caused him injury, and

failed to train Kunovich and others, also causing him harm; that

Hardwick in his official capacity defamed him in connection with

a constitutional violation, inflicting a "stigma plus" injury;

and that Hardwick in his individual capacity defamed him, abused

legal process, and intentionally inflicted emotional distress on

him, the last of which Kunovich did as well.  Id. ¶¶ 113-239.

The Defendants moved to dismiss all counts against them.

Def.  Def. St. Johns County's Mot. Dismiss Pl.'s Second Am.

Compl. ("Def. St. Johns County Mem."), ECF No. 48; Defs. Higgins

& Montgomery's Mot. Dismiss Pl.'s Second Am. Compl. ("Defs.

Higgins & Montgomery's Mem."), ECF No. 49; Def. Kunovich's Mot.

Dismiss Pl.'s Second Am. Compl. ("Def. Kunovich's Mem."), ECF

No. 50; Def. Sheriff Hardwick's Mot. Dismiss Pl.'s Second Am.
Compl. ("Def. Hardwick's Mem."), ECF No. 51.  Aguilar Mendez
opposed these motions.  Mem. Law Opp'n Mot. Dismiss Def.
Kunovich ("Pl.'s Opp'n Kunovich"), ECF No. 55; Mem. Law Opp'n
Mot. Dismiss Defs. Higgins & Montgomery ("Pl.'s Opp'n Higgins &
Montgomery"), ECF No. 56; Mem. Law Opp'n Mot. Dismiss Def.
Hardwick ("Pl.'s Opp'n Hardwick"), ECF No. 57; Mem. Law Opp'n
Mot. Dismiss Def. St. Johns County ("Pl.'s Opp'n St. Johns"),
ECF No. 58.

At a hearing held on April 30, 2025, after hearing
argument, this Court took the matter under advisement.  Minute
Entry, ECF No. 66.  The Defendants' motions to dismiss are
hereby DENIED in part as to all counts against Kunovich and
against Higgins and Montgomery, and ALLOWED in part as to all
counts against St. Johns County and Hardwick.

First, Kunovich's motion to dismiss is denied as to all
counts against him.  Aguilar Mendez adequately alleges that
Kunovich stopped and seized him without reasonable suspicion,
grabbing his arm and ordering him not to walk away based only on
his presence in a (possibly) high-crime area, SAC ¶¶ 41-57, 150,
176-77, which is unconstitutional under clearly established law,
Brown v. Texas, 443 U.S. 47, 51-52 (1979) ("The fact that [the
suspect] was in a neighborhood frequented by drug users,
standing alone, is not a basis for concluding that [the suspect]

[3]

himself was engaged in criminal conduct."). Kunovich's argument

that Aguilar Mendez was in fact fleeing, Def. Kunovich's Mem.

11-12, presents a fact issue not proper for this Court to

resolve at this stage.[2] Aguilar Mendez also adequately alleges

that Kunovich knowingly escalated this seizure into a false

arrest for a malicious purpose, that is, to cover up the initial

unconstitutional stop and with disregard for the arrest's

unconstitutionality, Compl. ¶ 135, overcoming the statutory

immunity bar on tort actions based on non-malicious acts done in

the course of an officer's duty, see Butler v. Gualtieri, 41 F.

4th 1329, 1336-38 (11th Cir. 2022) (describing the fact-

intensive nature of the question whether an officer acted with

malice, bad faith, or willful disregard of human rights, such

that the officer may be held liable for actions done in the

course of duty under Fla. Stat. § 768.28(9)(a)); see also

---

[2] Aguilar Mendez's complaint references Kunovich's Body-Worn
Camera video several times, see Compl. ¶¶ 38, 49, 57, 95, 97,
125, 233; Sgt. Kunovich's Body-Warn Camera Footage, ECF No. 50-
1, but Aguilar Mendez disputes the authenticity of the video,
Pl.'s Opp'n Kunovich 3-5. Although Aguilar Mendez did not
squarely raise the authenticity issue at the April 30 hearing,
nor apparently when conferring with opposing counsel, Def.
Kunovich's Mem. 4, this Court therefore does not consider the
video here, see Baker v. City of Madison, Ala., 67 F. 4th 1268,
1276 (11th Cir. 2023) (allowing for incorporation-by-reference
of documents attached to motion to dismiss where "documents'
contents are **undisputed**" (emphasis added)) -- while noting that,
in any case, factual allegations are accepted at the motion to
dismiss stage "where no obviously contradictory video evidence
is available," id. at 1277-78, which presents a high bar where
the allegations center on a protracted scuffle.

[4]

<u>Robbins</u> v. <u>City of Miami Beach</u>, 613 So.2d 580, 581 (Fla. 3d DCA
1993) (permitting false arrest claim to go forward based on
pretextual arrest theory, and describing right to non-violently
resist unlawful arrest); that he used excessive force in
effecting the arrest, committing a state law battery, also with
malice; and that he intentionally and maliciously inflicted
emotional distress on Aguilar Mendez by stopping him without
suspicion and escalating the stop into a knowingly false arrest
which, after a lengthy struggle and the use of excessive force
from multiple officers, culminated in a long imprisonment, <u>see</u>
<u>Corbin</u> v. <u>Prummell</u>, 655 F. Supp. 3d 1143, 1165 (M.D. Fla. 2023)
(noting that, although the outrageousness standard for
intentional infliction of emotional distress claims is
"extremely high" under Florida law, police officers are held to
a higher standard due to their actual or apparent authority and
the potential for abuse of their position (citation omitted)).

Second, Higgins and Montgomery's motion to dismiss is also
denied.  Aguilar Mendez alleges that he began passively
resisting arrest at some point after Kunovich seized him, Compl.
¶¶ 63-64, but, drawing all inferences in his favor as this Court
must at this stage, Aguilar Mendez plausibly alleges that
Higgins and Montgomery knew there was no reasonable suspicion
for the initial stop or probable cause for the arrest, <u>id.</u> ¶
136, and thus that they too maliciously used excessive force to

[5]

effect an unlawful arrest, see Gomez v. Lozano, No. 09-22988-

CIV, 2010 WL 11505113, at *6 (S.D. Fla. Dec. 30, 2010)

(acknowledging conclusory nature of plaintiff's malice

allegations, but allowing claim to go forward on the facts

alleged because "[t]he senseless, random detention and beating

of an innocent pedestrian constitutes wanton or willful

disregard for human rights and raises a strong inference of

malice or bad faith").  "[U]nder Florida law," moreover,

"probable cause is normally an affirmative defense," Turner v.

Wlliams, No. 3:19-cv-641-J-32PDB, 2020 WL 1904016, at *12 (M.D.

Fla. Apr. 17, 2020), so Higgins and Montgomery bear the burden

of proof on the issue of whether they had probable cause to

arrest Aguilar Mendez for violently resisting arrest as they

claim they did, see Defs. Higgins & Montgomery's Mem. 8-9.

Third, St. Johns County's motion to dismiss is allowed in

full.  There is some tension in the law as to whether the county

is a proper party to this lawsuit, C.P. by and through Perez v.

Collier Cnty., 145 F. Supp. 3d 1085, 1097 (M.D. Fla. 2015)

("Determining the entity a Florida sheriff represents in a

section 1983 official capacity suit has proven problematic."),

but in any case, Aguilar Mendez's claims against it are

unsupported by specific facts raising an inference of

discriminatory intent, see Adams v. Demopolis City Schs., 80 F.

4th 1259, 1273 (11th Cir. 2023) (discussing discriminatory

[6]

intent requirement for claims based on the Equal Protection
Clause), or of an unconstitutional policy that extends beyond
this incident, see Myrick v. Fulton Cnty., Ga., 69 F. 4th 1277,
1299 (11th Cir. 2023) (requiring plaintiffs to "point to
multiple incidents" when alleging unwritten unconstitutional
policy); Piazza v. Jefferson Cnty., Ala., 923 F.3d 947, 957-58
(11th Cir. 2019) (same, applied to a motion to dismiss); O'Keefe
v. Patterson, No. 8:18-cv-01957-T-02CPT, 2019 WL 652509, at *10
(M.D. Fla. Feb. 15, 2019) (discussing requirement of more than
one prior incident and limited nature of single-instance
exception).

Fourth, Hardwick's motion to dismiss is allowed as to all
counts, because, as to the official capacity claims against him,
Aguilar Mendez does not allege facts giving rise to an inference
of intentional discrimination or of an unconstitutional policy
extending beyond this single incident, but rather attacks a
smattering of disparate policies; and, as to the individual
capacity claims against him, Hardwick is immune from suit for
defamation based on statements made in the course of his duties,
which duties are "liberally construe[d]" under Florida law,
Gomez v. City of Miami, No. 23-13363, 2024 WL 4369605, at *1-2
(11th Cir. Oct. 2, 2024), Aguilar Mendez generally alleges a
cover-up but not specific facts beyond those statements giving
rise to an inference of abuse of legal process, see Stephens v.

[7]

Geoghegan, 702 So.2d 517, 525 (Fla. 2d DCA 1997) (rejecting
"emasculat[ion]" of absolute immunity for official statements by
"letting survive a claim that the offending speech or writing
was intentionally designed to provoke a given response, while
protecting the tortfeasor from the substantive tort of
defamation itself"), nor does he cite any case law to support
his advancement of a novel abuse of process theory, see Scott v.
District of Columbia, 101 F.3d 748, 756 (D.C. Cir. 1996) ("The
fact that the officers expected to realize some benefit from
covering up their own alleged wrongdoing simply points to an
ulterior motive, not the kind of perversion of the judicial
process that gives rise to a cause of action for abuse of
process."); Bothmann v. Harrington, 458 So.2d 1163, 1169 (Fla.
3d DCA 1984) ("There is no abuse of process, however, when the
process is used to accomplish the result for which it was
created, regardless of an incidental or concurrent motive of
spite or ulterior purpose.  In other words, the usual case of
abuse of process involves some form of extortion."), and
Hardwick's statements at a press conference and related
allegations do not constitute outrageous conduct of the kind
required to make out an intentional infliction of emotional
distress claim, see Cassell v. India, 964 So.2d 190, 196 (Fla.
4th DCA 2007) (applying defamation privilege to intentional
infliction of emotional distress claim).

[8]

For these reasons, this Court rules that Kunovich's motion to dismiss is DENIED as to all counts, Higgins and Montgomery's motion to dismiss is DENIED as to both counts, St. Johns County's motion to dismiss is ALLOWED as to all counts, and Hardwick's motion to dismiss is ALLOWED as to all counts.

**SO ORDERED.**

 /s/ William G. Young 
WILLIAM G. YOUNG
DISTRICT JUDGE

[9]